# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,                                          Cr. No. 17-3564 JAP

   v.

ERMOND OVERTON,

   Defendant.

## MEMORANDUM OPINION AND ORDER

The United States asks the Court to compel Defendant Ermond Overton to submit to a pretrial mental health examination by the United States' expert.[1] Defendant opposes this Motion.[2] For the reasons below, the Court will deny the United States' Motion.

### Background

Defendant is charged with bank robbery in violation of 18 U.S.C. § 2113. *See* CRIMINAL COMPLAINT (Doc. No. 2). As Defendant tells it, on the day of the alleged bank robbery, he believed that Sinaloan cartel members were following him. Resp. at 1. Fearing for his safety, Defendant purportedly sought protection from multiple sources including the local police and federal court security officers. *Id.* Defendant claims he was unable to secure help. *Id.* Defendant

---

[1] UNITED STATES' OPPOSED MOTION FOR PRETRIAL MENTAL HEALTH EXAMINATION FOR DETERMINATION OF THE EXISTENCE OF INSANITY AT THE TIME OF THE OFFENSE AND TO DETERMINE WHETHER THE DEFENDANT IS COMPETENT TO STAND TRIAL ("Motion") (Doc. No. 58).
[2] RESPONSE IN OPPOSITION TO UNITED STATES' OPPOSED MOTION FOR PRETRIAL MENTAL HEALTH EXAMINATION FOR DETERMINATION OF THE EXISTENCE OF INSANITY AT THE TIME OF THE OFFENSE AND TO DETERMINE WHETHER THE DEFENDANT IS COMPETENT TO STAND TRIAL ("Response") (Doc. No. 62).

1

then walked to a bank and presented the teller with a note that read, "Give me the money. I have a gun." *Id.* After law enforcement arrested Defendant, he confessed to robbing the bank, ostensibly because he believed it better to be in prison than to be killed by the Sinaloan cartel. *Id.* at 2.

Much has been made about whether cartel members were indeed following Defendant on the day of the alleged robbery. In fact, on August 27, 2019, Defendant submitted a NOTICE OF EXPERT WITNESS DISCLOSURE ("Notice") (Doc. No. 55) under Federal Rule of Criminal Procedure ("Rule") 12.2(b)(1) and Rule 16(b)(1)(C). In the Notice, Defendant stated his intention to present expert witness testimony regarding his mental health at the time of the alleged robbery. Notice at 2. Defendant expects his expert witness, Dr. Christine Johnson, Ph.D., to testify that "[Defendant] was suffering from paranoid delusions, a symptom of his schizophrenia at the time he robbed the bank, and that the paranoid delusions experienced by schizophrenic individuals such as [Defendant] are of a nature that they would appear indistinguishable from reality to the person experiencing them." *Id.* On this basis, Defendant plans to argue he was unable to form the mens rea required under § 2113.

**Competency to Stand Trial**

As a preliminary matter, the United States appears to ask the Court to order a mental health examination to determine Defendant's competency to stand trial. But the Court has already done so.[3] Accordingly, this issue is moot. The deadline for disclosing the expert report is October 30, 2019.[4]

---

[3] *See* ORDER FOR PSYCHIATRIC EVALUATION FOR COMPETENCY DETERMINATION (Doc. No. 36).
[4] *See* ORDER (Doc. No. 65).

## Sanity at the Time of the Alleged Offense

Defendant does not invoke the insanity defense. Yet, the United States argues that upon filing of Defendant's Notice, the United States became entitled to conduct its own mental health examination of Defendant under 18 U.S.C. § 4242(a). Not so. Congress specifically limited the application of § 4242(a) to those instances where a defendant files a notice that he "*intends to rely on the defense of insanity*." *Id.* (emphasis added). Only then, upon motion from the United States, would it (the United States) be entitled to "a psychiatric or psychological examination of the defendant." *Id.* Here, Defendant has not indicated an intent to rely on the insanity defense. In fact, Defendant is adamant that he intends to present the testimony of his expert witness to show that he did not have the requisite mens rea. While logically related, an insanity defense provides a *justification or excuse* for conduct, whereas the approach adopted by Defendant *negates an element of the charged offense*—i.e., pertains to the issue of guilt. *See United States v. Brown*, 326 F.3d 1143 (10th Cir. 2003) (explaining the distinction between an insanity defense and failure to prove the requisite intent). Recognizing this important distinction made by the Tenth Circuit Court of Appeals, the Court concludes that the United States is left without statutory authority to support its Motion.

The United States then urges the Court to rely on its inherent authority to compel Defendant to submit to a mental health evaluation by the United States' expert. Mot. at 2–3. The Court will not do so. Several circuits have held that courts have an inherent authority to order mental health examinations in appropriate circumstances, including where a defendant offers mental health testimony unrelated to an insanity defense. *See United States v. McSherry*, 226 F.3d 153, 155 (2nd Cir. 2000) (concluding that the district court properly relied on its inherent power to order

the defendant to either undergo a mental examination by government doctors or forego expert testimony concerning his mental condition at trial); *see also United States v. Davis*, 93 F.3d 1286, 1295 (6th Cir. 1996) ("[T]he statutes and rule do not displace extant inherent authority to order a reasonable, noncustodial examination of a defendant under appropriate circumstances."); *United States v. Webster*, 162 F.3d 308, 339 (5th Cir. 1998) (holding that the court had inherent authority to compel defendant to submit to a mental health exam by a government expert as a prerequisite to introducing his own expert testimony at a capital sentencing hearing). And Rule 12.2 ("Notice of Insanity Defense; Mental Examination") appears to account for that recognition of inherent authority. Rule 12.2(c)(1)(B) states, in pertinent part, that "[i]f the defendant provides notice under Rule 12.2(b)," as was done here, "the court *may*, upon the government's motion, order the defendant to be examined under procedures ordered by the court." (emphasis added). The relevant Advisory Committee Note explains that "the authority under this rule to order an examination of a defendant who intends only to present expert testimony on his or her mental condition on the issue of guilt *is not clear*," thereby acknowledging that this area of law is unsettled. *Id.*, Advisory Committee's Notes (2002) (emphasis added). Further, the parties have not cited, nor is the Court aware of, any Tenth Circuit authority recognizing an inherent authority in such circumstances. The Court is unwilling to compel Defendant to undergo a mental health examination that is not statutorily authorized and would require the Court to rely on an inherent authority not recognized in these circumstances by the Supreme Court or the Tenth Circuit.

Even so, if the Court were to recognize an inherent authority to compel Defendant to submit to the United States' mental health examination, the Court would decline to exercise that authority in this case. Indeed, the Supreme Court has admonished that resorting to inherent power must "be

a reasonable response to the problems and needs that provoke it." *Degen v. United States*, 517 U.S. 820, 823–24 (1996). The United States, however, has not made a compelling argument for the Court to rely on any inherent authority the Court may have. The United States submits that concerns of "[f]undamental fairness and the preservation of judicial authority dictate that the United States' expert be permitted to examine [Defendant]." Mot. at 5. But the Court's ruling on this Motion does not necessarily permit a jury to hear evidence of Defendant's mental health. *See, e.g.*, *Brown*, 326 F.3d at 1147 ("The admission of such evidence will depend upon whether the defendant clearly demonstrates how such evidence would negate intent rather than merely present a dangerously confusing theory of defense more akin to justification and excuse." (internal quotation marks omitted)); *United States v. Schneider*, 111 F.3d 197, 203 (10th Cir. 1997) (holding that "the district court was free to exclude [testimony about the defendant's mental health] on the ground that its capacity to mislead the jury substantially outweighed its limited relevance."). If, however, this evidence is ultimately before a jury, the United States will have the opportunity to cross examine Defendant's expert witness, Dr. Johnson. And, of course, the United States is entitled to discovery of the medical and treatment reports relied on by Dr. Johnson, as well as her expert report. Further, the United States may, if it so chooses, present an expert witness of its own. Thus, the Court concludes that denying the United States' request will not cause fundamental unfairness to the United States.

**Conclusion**

For the reasons above, IT IS ORDERED that the United States' Motion (Doc. No. 58) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE