# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,                                                  Cr. No. 17-3564 KWR

v.

ERMOND OVERTON,

   Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Ermond Overton moves for reconsideration of the Court's January 29, 2020, Memorandum Opinion and Order (Doc. 89).[1] He also seeks to admit certain limited statements from his expert witness, Christine Johnson, Ph.D. For the reasons provided below, the Court will deny Defendant's Motion.

## BACKGROUND

A federal grand jury indicted Defendant Ermond Overton on one count of bank robbery in violation of 18 U.S.C. § 2113(a). Defendant maintains that he robbed the bank for his own protection. See, Defendant was convinced that unknown assailants were following him and intended to harm him on the day of the alleged robbery. Based on that belief, Defendant determined that he would rather be in prison than be dead at the hands of those unknown assailants.

Dr. Christine Johnson, a board-certified forensic scientist, examined Defendant. She concluded, among other things, that on the day of the alleged robbery Defendant was suffering from

---

[1] *See* DEFENDANT ERMOND OVERTON'S MOTION TO RECONSIDER DOC. 89 AND MOTION IN LIMINE TO ALOW LIMITED TESTIMONY OF DR. JOHNSON ("Motion") (Doc. 99). The United States responded. *See* GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER MOTION TO EXCLUDE PSYCHOLOGICAL EVIDENCE (Doc. 108).

"persecutory delusions" that were "not amendable to reason."[2] According to Defendant, although we now know that his life was not in danger, on the day of the alleged robbery, he genuinely believed that it was. Doc. 76 at 2, 3.

Defendant asks the Court to reconsider the Memorandum Opinion and Order that excluded evidence of Defendant's psychological condition, including Dr. Johnson's testimony, from trial. *See* Doc. 89. In that opinion, the Court clarified that Defendant was charged with violating the first paragraph of 18 U.S.C. § 2113(a), which requires a general intent. *Id.* at 4–6. The Court then found that evidence of Defendant's psychological condition was inadmissible to disprove the *mens rea* element of a general intent crime. *Id.* at 7–8. The Court further determined that the proffered evidence was not legally relevant because it does not make a fact of consequence more or less likely. *Id.* at 8 n.11. The Court went on to conclude that Defendant is not entitled to a duress jury instruction as a matter of law, and thus he could not rely on that affirmative defense to create relevance. *Id.* at 8–12. Finally, the Court found that even if the proffered evidence had some limited relevance, the evidence should be excluded because its probative value is substantially outweighed by a danger unfair prejudice and misleading the jury. *Id.* at 12–14.

Defendant now asks the Court to reconsider that ruling. He asserts that the Court's exclusion of all evidence of his psychological condition from trial is greater relief than the United States requested, and, as such, is overly broad. Doc. 99 at 2. He further claims that he should be allowed to provide some limited testimony regarding his psychological condition to show that he did not have the requisite intent to intimidate and to provide the jury context for his actions on the day of the alleged bank robbery. In particular, Defendant seeks a ruling that will allow Dr. Johnson to

---

[2] *See* RESPONSE IN OPPOSITION TO MOTION IN LIMINE TO EXLUDE EVIDENCE OF THE DEFENDANT'S PSYCHOLOGICAL CONDITION FROM TRIAL [DOC 72] (Doc. 76 at 1–2); EXHIBIT 1: DR. JOHNSON'S REPORT (Doc. 76-1 at 11).

testify that Defendant suffers from "chronic psychotic mental disorder" and "what a paranoid delusion is." *Id.* at 3.[3]

STANDARD

The Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Nevertheless, the Tenth Circuit has recognized that district courts may entertain such motions when the district court "has misapprehended the facts, a party's position, or the law." *Id.* Grounds for a motion for reconsideration may include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

DISCUSSION

1. Overbreadth

Defendant avers that a motion for reconsideration is proper in order to prevent manifest injustice. *See* Doc. 99 at 2. Specifically, Defendant argues that the Court's Memorandum Opinion and Order is too broad, because it excluded *all* evidence of Defendant's psychological condition, not just the testimony of Dr. Johnson. *Id.* Defendant points to a specific sentence in the United States' Motion in Limine (Doc. 72), where the United States requests that the Court "preclude any testimony at trial from Dr. Christine Johnson as to Mr. Overton's psychological condition." Doc. 72 at 15. Elsewhere in that motion, however, the United States requested that the Court exclude all evidence of Defendant's psychological condition. *Id.* at 1 ("The United States of America moves this Court for an order excluding all evidence of defendant Ermond Overton's psychological

---

[3] Dr. Johnson found that Defendant suffers from *persecutory delusions*, "which could result in paranoid delusional symptoms during intoxication and withdrawal." Doc. 76-1 at 11. Defendant appears to generally refer to Dr. Johnson's findings as "paranoid delusions" and asks that Dr. Johnson be permitted to testify about those "paranoid delusions."

3

condition from the trial in this matter."). Notably, the United States' reply brief also asks that the Court exclude all evidence of Defendant's psychological condition from trial (*see* Doc. 78 at 1) and Dr. Johnson's testimony regarding his psychological condition (*id.* at 7).

The Court does not view its previous ruling as overly broad and will thus deny Defendant's Motion on that ground. The Court's ruling not only comports with the United States' requests, but, as described below, it comports with the law in the Tenth Circuit.

2. Intent to intimidate

Defendant next claims that Dr. Johnson should be allowed to provide limited testimony about his psychological condition. Doc. 99 at 3. Defendant, relying on *United States v. Mitchell*, 113 F.3d 1528 (10th Cir. 1997), posits that limited testimony is relevant to show he did not have the requisite intent to intimidate. This new argument is not a proper ground for a motion for reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012 (explaining that motions for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."). Nevertheless, Defendant styled the current Motion as a motion for reconsideration *and* a motion in limine. *See* Doc. 99 at 1. Out of an abundance of caution, the Court will address the merits of Defendant's argument.

In *Mitchell*, the Tenth Circuit explained that "[i]n determining whether the evidence is sufficient to support a finding of intimidation in the context of a bank robbery, we look to three factors: (1) whether the situation appeared dangerous, (2) *whether the defendant intended to intimidate*, and (3) whether the bank personnel were reasonable in their fear of death or injury." 113 F.3d at 1531 (emphasis added). In other words, "the defendant must have at least known his actions were objectively intimidating." *Id.* This, of course, is the general intent requirement the Court described in its Memorandum Opinion and Order. Doc. 89 at 4–6. And, as the Court

4

previously explained, "a defendant may not rely on 'psychological or psychiatric evidence to negate an element of the government's case' when charged with a general intent crime." *Id.* at 7 (quoting *United States v. Brown*, 326 F.3d 1143, 1147 n.2 (10th Cir. 2003)); *see also United States v. Cameron*, 907 F.2d 1051, 1063 n.20 (11th Cir. 1990) ("Psychological evidence is relevant to *mens rea* only when the defendant is charged with a specific intent crime.").[4]

The Court further explained that this principle is limited when, for instance, the defendant is asserting an affirmative defense. *Id.* (citing *United States v. Allen*, 449 F.3d 1121, 1126–27 (10th Cir. 2006)). Here, however, Defendant is not entitled to assert an affirmative defense of duress as a matter of law.[5] Accordingly, the statement in *Brown* limiting the use of psychological evidence to disprove the *mens rea* element in specific intent crimes controls.[6] Thus, Defendant cannot offer evidence of his psychological condition, through Dr. Johnson's limited testimony or otherwise, to show that he did not have the general intent to intimidate.

3. Context

Finally, Defendant maintains that limited testimony from Dr. Johnson is required so that the jury understands the context for his actions and so that the jury is not left to speculate about why Defendant acted the way he did on the day of the robbery. Doc. 99 at 3. Accordingly, Defendant asserts that limited evidence of his psychological condition is relevant.[7]

---

[4] The Court acknowledges that there may be circumstances in which a defendant truly does not *know* the nature of his actions and thus his psychological condition may become relevant to his intent to commit a general intent crime. In those situations, however, a defendant may properly assert the affirmative defense of insanity. Defendant has repeatedly declined to pursue that defense here.

[5] Defendant is not currently asking that the Court reconsider its ruling that Defendant is not entitled to a duress jury instruction. Defendant has, however, preserved his right to appeal the Court's Memorandum Opinion and Order on that ground.

[6] Notably, Defendant does not challenge the Court's reliance on *Brown*.

[7] This argument, like that above, is not properly raised in a motion for reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012. Even so, the Court will consider it for the same reasons as the previous argument.

The Court is not persuaded by Defendant's new relevancy argument. Of course, a defendant has the right to present a defense, but "a defendant must still abide the rules of evidence and procedure." *See United States v. Tapaha*, 891 F.3d 900, 905 (10th Cir. 2018). And Defendant has not convinced the Court that offering Dr. Johnson's limited testimony to provide context survives the relevancy test of Federal Rule of Evidence 401. As the Court previously explained,

> Defendant's psychological condition does not make a fact of consequence more or less probable—namely, Defendant's *knowledge* that he was taking of property of another by force and violence or intimidation. *See Carter*, 530 U.S. at 268. Indeed, Defendant does not dispute that he *knew* what he was doing . . . . But Defendant has wholly failed—in fact, he has not even attempted—to provide a nexus between the evidence of his psychological condition and his *knowledge* of his actions. The proffered evidence thus fails to meet the threshold requirement of relevancy.

Doc. 89 at 8 n.11 (emphasis in original).

Further, even assuming that this evidence has some limited relevance, the Court would still exclude it under Federal Rule of Evidence 403. Indeed, the Court previously found that evidence of Defendant's psychological condition is highly prejudicial because it has a "high likelihood of provoking sympathy from a jury—an improper basis for its judgment." Doc. 89 at 13. Defendant suggests that the prejudicial impact of this evidence is somehow mitigated if it is not being offered to negate Defendant's *mens rea* or to support a duress defense. *See* Doc. 99 at 2–3. But Defendant does not explain *how* the prejudicial impact is mitigated with Dr. Johnson's limited testimony. Indeed, Defendant hopes that Dr. Johnson will testify that he suffers from psychological condition and explain what a paranoid delusion is. *Id.* at 3. Even if that testimony is not offered to disprove Defendant's *mens rea* or support a duress defense, the Court believes that the same prejudice exists.

Further, the Court found that this evidence could "easily mislead the jury into thinking that such . . . medical condition[s] amount[ ] to temporary insanity or ameliorates the offense." Doc. 89 at 13 (citing *United States v. Schneider*, 111 F.3d 197, 203 (1st Cir. 1997)) (brackets and quotation

marks in original). Defendant fails to explain how the Court's concern about misleading the jury is tempered by limiting Dr. Johnson's testimony.

Like before, the Court is skeptical of the probative value of this evidence. And like before, "[g]iven the limited probative value of this evidence, its highly prejudicial nature, and the danger of misleading the jury, the Court will exclude the evidence under Federal Rule of Evidence 403." Doc. 89 at 14.

IT IS THEREFORE ORDERED that Defendant's MOTION FOR RECONSIDERATION DOC. 89 AND MOTION IN LIMINE TO ALLOW LIMITED TESTIMONY OF DR. JOHNSON (Doc. 99) is DENIED.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE