# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                                          Case No. 1:17-cr-03564 KWR

ERMOND OVERTON,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Defendant's Formal Objections and Sentencing Memorandum in Support of a Downward Variance, filed June 10, 2020 (**Doc. 145**). The Court held a sentencing hearing on July 21, 2020.  At the hearing, the Court heard argument on the correctly calculated guideline sentence and Defendant's objections to the Presentence Report's (PSR's) calculation of the guideline sentence range.  Specifically, the Court heard Defendant's objections to (1) a 3 offense level increase for brandishing a dangerous weapon pursuant to U.S.S.G. § 2B3.1(b)(2)(E) and (2) the denial of a two-point reduction for acceptance of responsibility pursuant to § 3E1.1(a). The Court took the matter under advisement.  Having reviewed the parties' pleadings and heard oral argument, the Court finds that Defendant's objections are well taken in part and therefore **SUSTAINED IN PART AND OVERRULED IN PART**.  The Court sustains Defendant's objection to the brandishing enhancement under § 2B3.1(b)(2)(E), but overrules his objection to the acceptance of responsibility objection. Therefore, the Court finds that the total offense level is 22 and criminal history category of III,

resulting in an advisory guideline sentence range of 51 to 63 months.  The Court will hear argument on the remaining arguments, including downward variance, at a subsequent sentencing hearing.

## BACKGROUND

On March 3, 2020 Defendant was found guilty by jury verdict of one count of bank robbery.

Probation disclosed a presentence report on April 14, 2020, which calculated the guideline range as follows: a total offense level of 25 and criminal history category of III, resulting in an advisory guideline sentence range of 70 to 87 months.  Defendant made two specific objections to the calculation of the total offense level, as recited above.  Defendant asserts that the total offense level should be 20, with a criminal history category of III, resulting in an advisory guideline sentence range of 41 to 51 months.

In response to the objection, a PSR addendum provided "[i]n the instant offense, the defendant approached bank teller S.R's window and place da note on the counter.  The note read 'Give me all your money, I have a gun'"  Mr. Overton had his hand in his pocket, and S.R. thought he may be holding a gun.  Therefore, the enhancement was properly applied and will remain unchanged."  **Doc. 147 at 1.**

## DISCUSSION

The Court addresses Defendant's two challenges to the calculation of the advisory guideline sentence range below.

**A.    Defendant's objection to the enhancement for brandishing weapon under U.S.S.G. § 2B3.1(b)(2)(E) is sustained.**

Defendant objects to paragraph 20 of the initial PSR, which increases the offense level by 3 for brandishing or possessing a weapon pursuant to U.S.S.G. § 2B3.1(b)(2)(E).  That section provides:

**(b)** Specific Offense Characteristics

**...**

**(2)** (A) If a firearm was discharged, increase by 7 levels; (B) if a firearm was otherwise used, increase by 6 levels; (C) if a firearm was brandished or possessed, increase by 5 levels; (D) if a dangerous weapon was otherwise used, increase by 4 levels; (E) **if a dangerous weapon was brandished or possessed, increase by 3 levels**; or (F) if a threat of death was made, increase by 2 levels.

§ 2B3.1(b)(2)(E) (emphasis added).  Application Note 2 of that section provides:

> **2.** Consistent with Application Note 1(E)(ii) of § 1B1.1 (Application Instructions), an object shall be considered to be a dangerous weapon for purposes of subsection (b)(2)(E) if (A) the object closely resembles an instrument capable of inflicting death or serious bodily injury; or (B) the defendant used the object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury (e.g., a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun).

U.S.S.G. § 2B3.1, Application Note 2.  Based on this application note, the Tenth Circuit has held that a concealed hand may be the basis for an enhancement under § 2B3.1(b)(2)(E). *See, e.g., United States v. Farrow*, 277 F.3d 1260, 1268 (10th Cir. 2002)*; United States v. Abbott,* 69 Fed.Appx. 936, 937 (10th Cir. 2003) ("The record supports the district court's factual finding that defendant's concealed hand and threatening note created the impression that he had a dangerous weapon."); *United States v. Maxwell,* 90 F. App'x 305, 306 (10th Cir. 2004) (considering whether a reasonable person would consider defendant's hand inside his pocket as a dangerous weapon).

"The standard for applying this enhancement is an objective one: the sentencing court inquires whether a reasonable person, under the circumstances of the robbery, would have regarded the object that the defendant brandished, displayed[,] or possessed as a dangerous weapon." *Farrow*, 277 F.3d at 1268.  Under this objective standard, a victim's subjective impression is "relevant" but "is never controlling of the outcome." *Id.*  Instead, "[c]ourts must examine the totality of the evidence, including words spoken and the surrounding context, to determine whether it was reasonable for the victim to think that the defendant was wielding a weapon." *United States v. Maxwell*, 90 F. App'x 305, 307 (10th Cir. 2004) (unpublished); *see also Farrow*, 277 F.3d at

1268 (applying enhancement based on combination of bank teller's observations and defendant's threatening action); *United States v. Hall*, 763 F. App'x 722, 725 (10th Cir. 2019) (considering demand note, teller testimony and video).

"The government has the burden of proving by a preponderance of the evidence any findings necessary to support a sentence enhancement."  *United States v. Gambino-Zavala*, 539 F.3d 1221, 1228 (10th Cir. 2008).  "At sentencing, the district court may rely on facts stated in the presentence report unless the defendant objected to them. When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *United States v. Wilken*, 498 F.3d 1160, 1169 (10th Cir. 2007), *quoting United States v. Keifer,* 198 F.3d 798, 800 (10th Cir.1999); *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) (The court "may accept any undisputed portion of the [PSR] as a finding of fact," Fed. R. Crim. P. 32(i)(3)(A), and, accordingly, "[i]f a defendant fails to specifically object to a fact in the PSR, the fact is deemed admitted by the defendant and the government need not produce additional evidence in support of the admitted fact,"); *United States v. Tindall,* 519 F.3d 1057, 1062 (10th Cir.2008) ("[T]o invoke the district court's Rule 32 fact-finding obligation, the defendant is required to make specific allegations of factual inaccuracy."); *See, e.g., United States v. Orr*, 567 F.3d 610, 616–17 (10th Cir. 2009) (".... "there was no evidence presented by the government at Orr's sentencing hearing to establish that ten or more specific individual account holders had sustained a loss… the government failed to carry its burden of presenting sufficient evidence to support this enhancement.").

Here, Defendant specifically disputed the facts underlying the § 2B3.1(b)(2)(E) enhancement.  Defendant asserted that evidence contradicted the PSR that Defendant gestured or had his hand in his pocket.  Defendant produced a photo of the video surveillance showing that

both of his hands were visible to the teller.  Defendant also argued that there is insufficient evidence by a preponderance to show that he used his hand in any way as described in Application Note 2. The Court finds that Defendant sufficiently raised a specific factual dispute as to whether he brandished or possessed a dangerous weapon or object made to look like a weapon, and also raised a specific factual dispute as to whether his hands were visible.  At this point, the Court will not rely merely on the facts in the PSR, and the Government bears the burden of proving by the preponderance of the evidence facts supporting the sentencing enhancement.

However, the Government did not produce any evidence at the sentencing hearing.  The Government *argued* that the evidence presented at trial supports the enhancement.  The Government did not provide that trial evidence or citations to the trial record at the sentencing hearing.  The Government did not produce the video surveillance, the note, the teller's testimony, or a transcript of the teller's trial testimony.  Following the trial, the Court returned the evidence presented at trial to the parties.  **Doc. 134** (listing exhibits returned to parties and counsel's signature).  Moreover, the Government did not provide any citations to the trial record.

At the hearing, the Government argued that Defendant gestured and placed his hand on his pocket. The PSR asserts something different: "After waiting in line, he approached S.R.'s window and placed a note on the counter. The note read 'Give me all your money, I have a gun.' Overton also had his hand in his pocket, and S.R. thought he may be holding a gun." **Doc. 140 ¶ 13.**  There is nothing in the sentencing record at sentencing to support the assertion that (1) he gestured with his hand on his pocket or (2) concealed his hand in his pocket.

Rather, Defendant produced a photograph from the surveillance video showing that Defendant's hands were visible and above the counter.  **Doc. 145 at 6.**  Although the camera is at a higher angle and has a different vantage point than the teller, the Court notes that Defendant's

hands were both above the counter and were not hidden.  His bag did not block the teller's view of his hands.

Based on the evidence before it at sentencing, the Court finds the following facts. Defendant gave the teller a note asserting he had a gun.  There is nothing in the sentencing record that he made any threatening gestures, that he had an object in his pocket that could be construed as a gun, or that he gestured to his pocket.  Finally, both of Defendant's hands were visible and he did not make a gesture indicating he had a gun.  **Doc. 145 at 6.**  Weighing this evidence, the Court finds that a reasonable person would not believe that he brandished or possessed a gun.

Alternatively, the Court notes that the plain language of Application Note 2 requires that:

> (B) the defendant used the object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury (e.g., a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun).

U.S.S.G. § 2B3.1.  Here, the Court finds that Defendant did not use any object, including his hand, to create the impression that the object was a weapon.

Therefore, the Court **SUSTAINS** Defendant's objection to the 3 offense level enhancement under U.S.S.G. § 2B3.1(b)(2)(E).  The Court will reduce the total offense level in the PSR from 25 to 22.

## B. Defendant's objection to the denial of an acceptance of responsibility reduction is overruled.

The PSR declined an acceptance of responsibility reduction because Defendant proceeded to trial on Count 1 of the indictment and contested the factual elements of guilt.  **Doc. 140 ¶ 26.** Defendant objected, asserting that although he went to trial, he did not deny the essential factual elements of guilt.  In response, an addendum to the PSR noted that at trial Defendant contested a factual element – that he took the money by intimidation.

U.S.S.G. § 3E1.1(a) provides: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."  Application Note 2 to § 3E1.1 provides:

> "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). **In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.**

U.S.S.G. § 3E1.1 N.2 (emphasis added).

"Defendant must prove by a preponderance of the evidence that he is entitled to the sentence reduction."  *United States v. Portillo-Valenzuela*, 20 F.3d 393, 394 (10th Cir. 1994). Here, this is not the rare case in which Defendant clearly demonstrated acceptance of responsibility even though he went to trial.  Defendant pled not guilty and denied his factual guilt.  He did not go to trial to assert nonfactual challenges, such as the constitutionality or applicability of a statute. Moreover, he points to nothing in his pretrial statements or conduct clearly demonstrating acceptance of responsibility.

Defendant forced the Government to prove the elements and his factual guilt at trial. *United States v. Guadalupe-Tejeda*, 58 F. App'x 414, 415 (10th Cir. 2003) (Defendant "formally denied factual guilt as to all the counts with which he was charged by pleading not guilty, and he forced the government to bear the burden of a four-day trial at which it had to prove every element of every charge against him.").  "Pleading not guilty and requiring the government to prove guilt

at trial demonstrate denial of responsibility, regardless of how easily the government can prove guilt." *United States v. Portillo-Valenzuela*, 20 F.3d 393, 394-95 (10th Cir. 1994).

For example, Defendant raised a factual dispute as to the intent element and the intimidation element.  He asserted that his conduct was not objectively intimidating.  He also disputed certain facts, such as whether his hands were hidden such as to give the impression he had a gun.  His counsel cross-examined the bank teller on whether she felt intimidated and attempted to elicit facts to show that no one would objectively find Defendant's acts intimidating. Moreover, he contested whether the bank was in fact FDIC insured.

Alternatively, even if Defendant were eligible for an acceptance of responsibility reduction after going to trial, he has not shown that he clearly demonstrated acceptance of responsibility in his pretrial statements and conduct.  *United States v. Portillo-Valenzuela*, 20 F.3d 393, 395 (10th Cir. 1994) ("This application note simply explains that in all but rare cases going to trial will preclude reduction for acceptance of responsibility, but in those rare cases acceptance of responsibility will be based upon pretrial statements and conduct rather than post-conviction admissions of guilt and expressions of remorse. It does not suggest that in some or all cases the court may not consider whether the defendant pleaded not guilty and went to trial.").  He argues that at trial he admitted his guilt.  Although he admitted to certain facts, he did not accept responsibility.  He did not admit to the facts underlying all elements of guilt and certainly did not express acceptance of responsibility at trial.  Defendant cites to nothing in his pre-trial statements and conduct that would clearly demonstrate he accepted responsibility.

Therefore, the Court **OVERRULES** Defendant's objection to the denial of an acceptance of responsibility reduction under § 3E1.1(a).

C.      **Calculation of Guideline Range**.

Taking into account the rulings on the above objections**,** the Court finds that the total offense level is 22 with a criminal history category of III, which results in an advisory guideline sentence range of 51 to 63 months.

The Court will set a sentencing hearing by separate order.  The Court will hear any remaining arguments at that hearing.

**IT IS THEREFORE ORDERED** that Defendant's Formal Objections and Sentencing Memorandum in Support of a Downward Variance, filed June 10, 2020 (**Doc. 145**) are **SUSTAINED IN PART** and **OVERRULED IN PART** for reasons described in this Memorandum Opinion and Order.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE