# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                          Case No. 1:17-cr-3564 KWR

ERMOND OVERTON,

      Defendant.

## ORDER GRANTING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

THIS MATTER comes before on Defendant's Amended Motion for Order *nunc pro tunc* extending time to file notice of appeal by nine days, filed on September 24, 2020 **(Doc. 165)**.

Pursuant to Fed. R. App. P. 4(b)(1)(A), a criminal defendant has 14 days after entry of the judgment to file a notice of appeal. Judgment was entered in this case on August 17, 2020, but the notice of appeal was not filed until September 9, 2020. Therefore, it appears that the notice of appeal was filed approximately 9 days late. Defendant requests leave under Fed. R. App. P. 4(b)(4) to extend the time to file a notice of appeal *nunc pro tunc*. That section provides: "Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4)

In determining whether there is excusable neglect, the Court must take "account of all relevant circumstances surrounding the party's [failure to file a timely notice]." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993); *see also United States v. Torres,* 372 F.3d

1159, 1162 (10th Cir.2004). These relevant circumstances can be neatly grouped into four factors: (1) "the danger of prejudice to the [government], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Torres,* 372 F.3d at 1162. Among these factors, the excuse given for the delay "must have the greatest import." *Id.* at 1163 (citing *Graphic Commc'n Int'l Union v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 5 (1st Cir.2001)). Further, a defendant bears the burden of establishing sufficient reason for his failure to comply with the filing requirements. *U.S. v. Chavez,* 17 Fed. App'x 847, 849 (10th Cir.2001).

Good cause "comes into play in situations in which there is no fault-excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Bishop,* 371 F.3d at 1207 (citation omitted). *United States v. Cortez-Perez*, 317 F. App'x 829, 831 (10th Cir. 2009)

The Court finds excusable neglect and/or good cause to extend the time to file a notice of appeal under Fed. R. App. P. 4(b)(4). Specifically, it appears that Defendant did not receive notice of the judgment because he was transferred to a different facility. Moreover, because of COVID-19 procedures, defense counsel could not ascertain whether Defendant wished to appeal the judgment until September 9, 2020, the day the notice was filed.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE